## J. T. STINSON & Co. *v.* S. D. LEE.

PROMISSORY NOTE. *Signed by agent. Liability of indorser. Notice of non-payment.*
Where one in executing a note has added after his signature the word
"agent," the payee cannot be made liable on his indorsement of the
paper, without proof of presentment to, and notice of non-payment by,
the person signing. No principal being named, such person will be
deemed the maker in fixing liability under the indorsement. Present-
ment to another, through the real principal, is ineffectual to bind the
indorser.

FROM the circuit court of Noxubee county.

HON. S. H. TERRAL, Judge.

This suit was brought by appellants, J. T. Stinson & Co., against
S. A. Cunningham, as maker, and S. D. Lee, indorser, of a promis-
sory note. Plaintiffs confessed a demurrer to their declaration inter-
posed by the defendant Lee. An amended declaration was filed,
and afterwards a second amended declaration. To each of these
the defendant Lee demurred. On sustaining the last demurrer,
plaintiffs declined to amend further, and the suit was dismissed as
to said defendant; plaintiffs appeal.

The record does not show any disposition of the case as to the
defendant S. A. Cunningham, and hence no question of her liability
was before the court.

In addition to the facts stated in the opinion, the amended decla-
ration avers that prior to the indorsement and transfer of the note
in suit by the defendant Lee, the said S. A. Cunningham, maker,
had furnished and delivered on the plantation of said Lee, for his
benefit, certain personal property, and, for the benefit of said Lee,
had done certain work on said plantation, the value of said property
and labor being the sum of $272, for which said sum the said
Cunningham was entitled to credit as a payment on said note; and
that when the said Lee indorsed the note to plaintiffs and received
payment in full of the same, he promised plaintiffs to pay for said
personal property and labor if he found that the same had been
finished on the plantation, but that he had wholly failed to pay
said sum of $272, though he found that the said property had been

delivered and the labor performed on said plantation as before stated. The note was indorsed to plaintiffs on December 19, 1885, and the attachment was sued out against S. A. Cunningham about January 1, 1886.

The opinion contains a further statement of the case.

*J. E. Rives*, for appellants.

The note having been indorsed by Lee after maturity, the law only required that it should be within a reasonable time presented to the maker for payment. 1 Dan. Neg. Inst. § 611; Byles on Bills, p. 169, n. 1; Ib. 170, note; *Baskerville* v. *Harris*, 41 Miss. 535.

What is reasonable time depends upon the circumstances of each case. 1 Dan. Neg. Inst. §§ 466, 604, 612; Byles on Bills, p. 213.

This being a general demurrer, no defect is to be considered unless it relates to something so essential that judgment cannot be given. Code 1880, § 1560; 45 Miss. 349; 57 Ib. 220.

In any event, plaintiffs were entitled to recover of Lee the $272. No demand of Cunningham or notice of non-payment was necessary as to this.

The declaration shows a cause of action against Cunningham for $1000, less the $272, and against Lee for the latter sum. Verdict and judgment should have been accordingly. Code 1880, § 1732.

*A. C. Bogle*, for appellee.

This note being transferred after maturity, both demand and notice of non-payment were prerequisites to a recovery as against the indorser. 1 Dan. Neg. Inst. §§ 611, 996; *Baskerville* v. *Harris*, 41 Miss. 535.

If notice had been given Lee at the time the attachment was sued out against Cunningham, it would have been too late. *Parker* v. *Reddick*, 65 Miss. 242.

The claim for the $272 could not be maintained in this suit. Plaintiffs are seeking to hold Lee on his indorsement for $1000; not on a contract to pay the $272. Besides, the alleged promise as to this amount was contingent, and the sole object was to enable

Stinson & Co. to recover that much from Cunningham. The declaration fails to state any case against Lee as indorser.

COOPER, J., delivered the opinion of the court.

The demurrers to the original and amended declarations were properly sustained. Lee was the payee in a promissory note, subscribed by the maker thereof, " A. G. Cunningham, Ag't," nothing appearing on the face of the note indicating for whom he professed to act as agent. After the maturity of the note he indorsed the same to the plaintiffs, who some time thereafter presented the note to S. A. Cunningham, the wife of A. G. Cunningham, and who, the declaration avers, was his principal, " and demanded payment thereof, and sued out an attachment for rent against her, in order to collect said note, of all of which said Lee had immediate notice."

The present suit is against S. A. Cunningham as maker and against Lee as indorser of the note.

The liability of Lee rested wholly upon his indorsement, and that liability was to pay the note, if seasonable presentment to the maker should be made and payment refused, and Lee notified thereof.

A. G. Cunningham, and not S. A. Cunningham, was the maker of the note, the word " agent" following his signature being—in the absence of the name of the principal—merely *descriptio personæ.* 1 Danl. on Neg. Inst. §§ 303–305. We are not called upon to decide whether, in a proper action, Mrs. S. A. Cunningham might be made liable on the consideration for which the note was given ; nor whether, as between the original parties, A. G. Cunningham was liable on the note. The sole question is whether Lee, who indorsed the note signed by " A. G. Cunningham, Agent," can be held on his indorsement by virtue of a presentment to one whose name nowhere appears on the note, and we think that he cannot, because such person was not the maker of the note, for whose default only was he bound by his indorsement.

*Judgment affirmed.*